IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RAY CHOUNARD, § | | |
| TDCJ #1299840, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-09-0264 | |
| § | | |
| ROBERT QUADA, *et al.*, § | | |
| Defendants. § | | |

# MEMORANDUM AND ORDER

State inmate Steven Ray Chounard (TDCJ #1299840) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Chounard appears *pro se* and *in forma pauperis*. He has provided numerous grievances and exhibits, as well as a statement of facts in support of his complaint. (Docs. # 1, # 2). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

## I.   BACKGROUND

Chounard is in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a 2005 conviction for aggravated sexual assault of a child in Bexar County cause number 2003CR1113. *See Chounard v. State*, No. 04-05-00231-CR, 2006 WL 542703 (Tex. App. — San Antonio March 8, 2006, no pet.). Chounard does not challenge his underlying conviction here. Instead, he complains about the conditions of his confinement at the Wynne Unit in Huntsville, Texas, where he currently resides.

Chounard has filed a civil rights complaint under 42 U.S.C. § 1983, against several officers employed by TDCJ at the Wynne Unit, including Law Librarian Robert Quada, Correctional Officer S. Godfrey, and Assistant Warden L. Johnson. According to the pleadings and exhibits, Chounard alleges that Officer Godfrey took his prison identification card on July 28, 2008, and refused to return it. Chounard complains that Officer Godfrey also stole his watch on February 16, 2006, while she and Law Librarian Robert Quada were confiscating items of his legal property. Chounard complains that Assistant Warden Johnson was aware of the reported thefts, but did nothing about it.

Chounard seeks $35,000 in punitive damages for the theft of his property and the confiscation of his legal materials. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must

3

be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

#### A.  Theft of Property

Chounard complains that Officer Godfrey stole his prison identification card and his watch. He does not complain that he was deprived of these items pursuant to a prison policy or that the taking of this property was somehow authorized but done without due process. Rather, he alleges that his personal property was stolen in an unauthorized manner.

The Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *see also Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1981); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine). It is well established that Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall*

4

*v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008.

To the extent that Chounard complains that his identification card and watch were wrongfully taken, his claim has no basis in federal law because Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Therefore, with respect to his allegation of theft, the plaintiff has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous").

### B. Confiscation of Legal Materials

Chounard complains that his legal materials were wrongfully taken on February 16, 2006, and that the loss of these materials violated his right to due process and his right to access the courts. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that once the claims accrued the plaintiff had two years to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

In support of his claim concerning the confiscation of his legal materials, Chounard encloses an inventory receipt for his property that is dated February 16, 2006. (Doc. # 1, Exhibit). Chounard also encloses a TDCJ Disciplinary Report and Hearing Record worksheet showing that disciplinary charges were filed against him on February 16, 2006, for having a items of contraband, including two bags full of legal materials, that were improperly stored in his cell. Chounard filed a step one grievance to challenge the confiscation on that same day. On March 21, 2006, Warden Johnson replied that the confiscated items had been returned to Chounard. (Step One Grievance #2006102717). Complaining that all of the confiscated materials had not been returned, Chounard promptly filed a step two grievance on March 22, 2006. After additional investigation, Chounard was informed on April 7, 2006, that the items identified in his grievance were confiscated properly in compliance with prison policy and would not be returned. (Step Two Grievance #2006102717). Thus, Chounard was aware of the facts giving rise to his claim no later than April 7, 2006.

Chounard's complaint, which is dated January 27, 2009, is well outside the two-year limitations period for the allegations that form the basis of his claims. Claims brought that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Because Chounard waited more than two years to file suit from the time his claims accrued, his allegations concerning the confiscation of his legal materials are untimely and subject to dismissal as frivolous for this reason. *See id.*

## IV.     CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on March 24, 2009.

_____
Nancy F. Atlas
United States District Judge